**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL C. ALBERTY, | CIVIL ACTION NO. |
| On behalf of himself and all similarly situated Individuals | |
| Plaintiff, | COMPLAINT |
| vs. | |
| | JURY TRIAL DEMANDED |
| MT. LEBANON TOWNSHIP, | Filed on behalf of Plaintiff, MICHAEL C. ALBERTY |
| Defendant | Counsel of Record for this Party: |
| | Stephen S. Photopoulos, Esquire<br>Pa. I.D. No. 89590<br>3000 McKnight East Drive, Suite 330<br>Pittsburgh, PA 15237<br>(412) 414-9889<br>steve@photolaw.com |
| | Joseph H. Chivers, Esq.<br>Pa. I.D. No. 39184<br>The Employment Rights Group, LLC<br>100 First Avenue, Suite 650<br>Pittsburgh, PA 15222<br>(412) 227-0763<br>jchivers@employmentrightsgroup.com |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL C. ALBERTY,

   On behalf of himself and all similarly situated Individuals

   Plaintiff,

vs.

MT. LEBANON TOWNSHIP

   Defendant.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

COMPLAINT

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

AND NOW, comes the Plaintiff, Michael C. Alberty, on behalf of himself and all similarly situated individuals, by and through his undersigned counsel, and brings this Complaint against Defendant Mt. Lebanon Township, PA, seeking injunctive and declaratory relief and monetary damages for Plaintiff and all similarly situated property owners in Mt. Lebanon Township, PA, against Defendant for its common policy and practice of taxing Plaintiff and other similarly situated property owners unequally and disproportionately in violation of their equal protection rights under the U.S. and PA constitutions.

## NATURE OF THE ACTION AND PARTIES

1. This is a civil action brought pursuant to the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1988, the PA Constitution, and under F.R.C.P. 23 (a) and (b), seeking all appropriate and available remedies (including injunctive relief,

declaratory judgment and damages), for Plaintiff and all similarly situated property owners in Mt. Lebanon Township, PA.

2.  As explained below, Defendant has engaged in a long-standing policy and practice under color of law of forcing Plaintiff and similarly situated property owners to pay disproportionately for the construction, repair and maintenance of property owned by Mt. Lebanon Township, specifically the public sidewalks on Township property, in violation of the guarantees in the U.S. and PA constitutions of equal protection of the laws.

3.  This long-standing policy and practice has had the direct and proximate effect of denying Plaintiff and the similarly situated property owners in Mt. Lebanon of their right to the equal protection of the laws, in particular to the guarantees in the U.S. and PA constitutions of being taxed or otherwise required to pay for the cost of government proportionately, not disproportionately.

4.  This long-standing policy and practice has been enforced by Defendant knowingly and intentionally in violation of the constitutions of the United States and the Commonwealth of Pennsylvania.

5.  Plaintiff, Dr. Michael C. Alberty (hereinafter referred to as "Dr. Alberty"), is an adult individual residing at 3437 Route 40, Washington, Pennsylvania 15301, who has owned a house located at 261 Gilkeson Road, Mt. Lebanon, Pennsylvania 15228 for more than fifteen years.

6.  Defendant, Mt. Lebanon Township (hereinafter referred to as "Township"), is a township created under the laws of the Commonwealth of Pennsylvania with home rule status in Allegheny County, Pennsylvania.  It is a suburb of Pittsburgh.  The township was established in 1912.  Mt. Lebanon Township's population was 24,075 at the time of the 2020 census.

7. Defendant is a state actor within the meaning of the U.S. Constitution and PA Constitution.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court based on 28 U.S.C. §1331 (Federal question) and 28 U.S.C. §1367 (a) (supplemental jurisdiction).

9. The unlawful policies and practices have been committed and continue to be committed by Defendant in and from Mt. Lebanon Township, PA.  Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for this action.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff has owned for the past 15 + years, and presently owns, a single-family house located at 261 Gilkeson Road in Mt. Lebanon, Allegheny County, Pennsylvania 15228.

12. There is a sidewalk along the front of Plaintiff's property adjacent to the roadway (Gilkeson Road).

13. Mt. Lebanon Township owns the property on which the sidewalk sits.

14. Mt. Lebanon Township's property abuts the roadway.

15. Plaintiff's property does not abut the roadway.

16. Plaintiff's property abuts the Township's property, which lies between Plaintiff's property and the roadway.

17. When originally laying out the Township when it was established in 1912, the Township kept long parcels of land that run between the public roads and the boundary lines of individual real estate owners, such as Dr. Alberty.

18. The result is that the property of many Mt. Lebanon property owners does not abut a public roadway but instead abuts Township property which in turn abuts the public road.

19. The Township kept ownership and title of the above-mentioned tracts of land to, among other things, run underground utility lines and construct sidewalks, as opposed to the alternative and more common method of municipalities simply keeping a "right of way" for public uses on individual real estate owners' land.

20. The Township has also constructed and maintained public sidewalks on the property owned by the Township.

21. In fact, the Township constructed the public sidewalk in front of Plaintiff's property.

22. As a public sidewalk Plaintiff does not have the right to exclude or restrict members of the public from using the sidewalk.

23. Plaintiff has no greater right to use the public sidewalk in front of his property than any other member of the public.

24. In fact, members of the public regularly use the public sidewalk in front of Plaintiff's property.

25. Despite the fact the public sidewalk in front of Plaintiff's property is on property owned by the Township, the fact the public sidewalk is owned by the Township, and the fact that Plaintiff has no greater right to use the public sidewalk in front of his property than any other member of the public, the Township requires Plaintiff by Township ordinance, policy and practice to maintain and pay for the public sidewalk in front of his home. Mt. Lebanon Ordinance, §15-201, Notice to Construct or Repair Sidewalk; §15-202, Municipality May Do Work Upon Default of Property Owner.

26. This includes, as necessary, constructing new sidewalk or replacing old sidewalk with new sidewalk and otherwise repairing the sidewalk, as well as clearing the sidewalk during inclement winter weather. Id.; see, also, §15-206, Snow Removal from Sidewalk.

27. The Township has the sole discretion to decide when the public sidewalk needs to be constructed, repaired or otherwise maintained.

28. Plaintiff has no right to challenge the Township's judgment about whether the public sidewalk needs to be constructed, repaired or maintained.

29. The only choice Plaintiff has when told by the Township (by way of a Notice) that the sidewalk has to be constructed or repaired is to either hire his own contractor to do the work or have the Township's contractor do the work.

30. One thing stays the same in both situations: Plaintiff must pay for the entire cost of the repair.

31. If Plaintiff decides to do the repair work with his own contractor he must pay for the full cost of the contractor, and must have the work completed within the timeframe specified by the Township in the Notice.

32. If Plaintiff decides to let the Township's contractor repair the sidewalk he gets a bill from the Township for the entire cost of the repair, plus a 10% penalty imposed by the Township.

33. If Plaintiff does not pay the bill for the sidewalk repairs completed by the Township's contractor in full within the time specified by the Township then the Township will take legal action that includes placing a lien on Plaintiff's property.

34. That lien must be cleared before Plaintiff's house could be sold.

35. The other property owners in the Township whose property does not abut the public roadway and who have a public sidewalk owned by the Township between their property and the public roadway ( referred to as "similarly situated property owners") are subject to the same ordinance, policy and practice as Plaintiff: they have no right to challenge the Township's determination that the public sidewalk needs to be constructed or repaired and are required to incur the full cost of the construction or repair of the public sidewalk on Township property that lies between the property owner's property and the public road.

36. The similarly situated property owners, like Plaintiff, have no right to restrict the public from the use of the public sidewalk and have no greater right to the use of that sidewalk than any other member of the public.

37. Over the past five years in excess of one thousand similarly situated property owners in the Township have had these construction and repair costs imposed on them.

38. Over the past five years these similarly situated property owners have been assessed in excess of $1,000,000 for these construction and repair costs.

39. Plaintiff and the similarly situated property owners remain subject to the imposition of these same costs going forward.

40. As noted above, in addition to having to pay for the construction and repair of the public sidewalk on Township property in front of Plaintiff's property the Township also requires Plaintiff to clear the public sidewalk after inclement weather (snow and ice).

41. If Plaintiff does not clear the snow and ice within 24 hours he is subject to a monetary citation issued by the Township. Id., §§15-206.5, 206.6.

42. The similarly situated property owners are subject to the same requirements, and costs, associated with clearing the snow and ice as Plaintiff.

43. The imposition of costs, and fines, on Plaintiff and other similarly situated property owners for the repair of the public sidewalks amounts to a tax.

44. The imposition of costs, and fines, on Plaintiff and other similarly situated property owners for the clearing of snow and ice from public sidewalks amounts to a tax.

45. The Township's imposition of these costs on Plaintiff and the other similarly situated property owners for the repair and maintenance of public sidewalks is done disproportionately to the benefit derived by Plaintiff and the similarly situated property owners.

46. The Commonwealth of Pennsylvania has a statute codified at Title 8 Chapter 18 PA C.S.A.§1801 ("Sidewalks") which grants a municipality authority to compel property owners to maintain the sidewalk, including repairing the sidewalk and clearing the ice and snow from the sidewalk, where the property owner's land *abuts* the roadway.

47. That law does not, however, give the Township the authority to compel property owners, such as Plaintiff, to maintain the public sidewalks where the property owner's property does not *abut* the roadway.

48. In fact, it is the Township's property that abuts the roadway in front of Plaintiff's property on Gilkeson Road and that abuts the roadways for thousands of other property owners in Mt. Lebanon.

49. Yet, as noted above, the Township has an ordinance, Municipality of Mt. Lebanon PA, Chapter 15: Streets and Sidewalks, Part 2: Sidewalk Construction, Repair and Maintenance, which purports to do what the Township may not do under PA law.

50. The Township gives the owner of the property a written notice to repair the Township's sidewalk within 30 days of the notice. (§ 15-201) If the owner of the property does not do the repairs within the 30 days the municipality may do the work and collect the cost from

the owner of the property, plus a penalty of 10% in the manner provided by the ordinance. (§ 15-202).

51. The ordinance further states that snow accumulation of one inch or more ("Snow Emergency") must be removed within 24 hours of such accumulation (§15-206) and indicates that any person violating any of the provisions shall be punished by a fine of not less than $5 nor more than $300 for each offense, and further indicates that each day any violation of the Code may continue shall constitute a separate offense. (§15-206.5).

52. The township is a Home Rule Charter municipality.

53. While being a Home Rule Charter municipality gives the Township the authority to enact legislation to facilitate implementation of necessary government functions, such as maintenance of roads and maintenance of a public safety department (such as a police department), this does not give the Township the authority to exceed the limits placed on the Township by the constitutions of either the United States or the Commonwealth of PA.

54. Yet, that is precisely what the Township, by and through Township legislation and by the implementation of that legislation through a common policy and practice, has done: violated the constitutions of the United States and the Commonwealth of PA.

55. As described above, the Township has denied Plaintiff, and all other similarly situated property owners in the Township, of their right to equal protection of the laws.

56. Specifically, the Township has imposed the costs of government disproportionately on Plaintiff and the similarly situated property owners by taxing them for the costs of constructing, repairing and maintaining the public sidewalks on Township property.

57. The denial of equal protection is not merely theoretical:  the Township in fact can and does impose disproportionate monetary costs for the repair and maintenance of public

sidewalks directly on Plaintiff and the similarly situated property owners, and uses the power of the government to collect these costs.

58. The costs imposed on Plaintiff and the similarly situated property owners for the construction, repair and maintenance of public sidewalks are a tax.

59. To the extent the Township has the authority to tax the property owners for the construction, repair and maintenance of public sidewalks on Township property then it must do so equally among all of the property owners in the Township.

60. The 14th Amendment of the U.S. Constitution requires taxation be assessed equally among similarly situated individuals.

61. Similarly, the Uniformity Clause of the PA Constitution requires taxes be apportioned based upon the taxpayers' proportionate share of government.

62. The Township has violated, and continues to violate, the protections of the U.S. Constitution and the PA Constitution with respect to Plaintiff and the similarly situated property owners.

## CLASS ACTION ALLEGATIONS

63. Plaintiff incorporates by reference the "Factual Background" recitation of facts (above) as though the same were set forth fully herein.

64. This is a class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

65. Between January 2019 and the present there have been more than 3,000 persons who have owned property in Mt. Lebanon Township.

66. More than 1,000 of these property owners own property that does not abut a roadway but, rather, abuts Township property that lies between the person's property and the roadway.

67. More than 1,000 of these property owners have property that border on public sidewalks on property owned by the Township.

68. In this lawsuit, Plaintiff seeks to represent a class (hereinafter referred to as the "Class Members") composed of all property owners in Mt. Lebanon Township at any time between January 2019 and the present (the "Class Period") who have been taxed and continue to be subject to taxation for the construction, repair and maintenance of public sidewalks on property owned by the Township that lies between the property owner's property and the public roadway and who are subject to common policies and practices by Defendant regarding the imposition and collection of these taxes.

69. There are more than 1,000 members of this Class.

70. Plaintiff and the Class Members are similarly situated for the reasons articulated in the "Factual Background", above, and for the reasons that the Class Members are subjected to the identical law, and common policy and practice of enforcing that law, as the other Class Members.

71. The Class is so numerous that joinder of all members is impracticable: More than 1,000 persons are in the Class, and it would be impractical, if not impossible, to join them all individually.

72. There are common issues among all members of the Class: members of the Class are and have been subjected to the same illegal law, and common policy and practice enforcing that law, by the Defendants concerning the public sidewalks on Township property that lie between

the property owners' property and the roadway and the imposition upon and collection of taxes from the Class Members by Defendant.

73. The claims and defenses of the representative party (Plaintiff) are typical of the claims and defenses of the class.

74. The potential defenses to Plaintiff's claims are typical of any defenses to the claims of the Class Members.

75. Plaintiff is adequately motivated to represent the interests of members of the Class in pursuing relief from the unlawful law, and the common policy and practice implementing that law.

76. The questions of law and fact common to members of the Class (noted above) will predominate over any questions affecting only individual members.

77. Plaintiff does not have interests that are antagonistic to the interests of the Class.

78. There are no conflicts of interest among members of the Class.

79. Prosecuting this case as a class action will promote judicial efficiency and best protect the interests of the Class.

80. Undersigned counsel for Plaintiff is experienced in the field of civil rights and class action law, and will fairly and competently represent the interests of members of the Class.

### COUNT I
### VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTI9ION AND 42 U.S.C. 1983: EQUAL PROTECTION

81. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if the same were fully set forth at length herein.

82. Section 1 of the Fourteenth Amendment of the United States Constitution prohibits state government from denying to any person within its jurisdiction the equal protection of the laws.

83. This prohibition applies to Defendant.

84. This prohibition applies to taxation.

85. The imposition of the costs of constructing, repairing and maintaining public sidewalks on Plaintiff and the similarly situated property owners is a tax.

86. Defendant has denied and continues to deny Plaintiff and the similarly situated property owners in Mt. Lebanon Township the equal protection of the laws by imposing taxes for the construction, repair and maintenance of public sidewalks on the property owners that are disproportionate to the property owners' share of government.

87. Defendant does so under color of law, specifically, Municipality of Mt. Lebanon PA, Chapter 15: Streets and Sidewalks, Part 2: Sidewalk Construction, Repair and Maintenance.

88. Defendant knows this ordinance violates the prohibition in the U.S. Constitution of denying persons within Defendant's jurisdiction of the equal protection of the laws.

89. The Township ordinance and enforcement of this ordinance through a common policy and practice by Defendant is a violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

90. Plaintiff and the similarly situated property owners have suffered actual damages in the form of disproportionate costs and fines imposed upon and collected by Defendant through its government powers.

91. Plaintiff and the similarly situated property owners continue to be subject to this unlawful policy and practice.

## COUNT II
## VIOLATION OF THE UNIFORMITY CLAUSE OF THE PENNSYLVANIA CONSTITUION, Pa. Const. Art. VIII, § 1

92. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if the same were fully set forth at length herein.

93. The Uniformity Clause of the Pennsylvania Constitution, Pa. Const. Art. VIII, § 1, provides that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

94. Contrary to this limitation Defendant imposes unequal taxes upon the same class of subjects, i.e., the Class Members, by imposing taxes for the construction, repair and maintenance of public sidewalks on property owners that are disproportionate to the property owners' share of government.

95. This non-uniform taxation is unconstitutional in violation of the Uniformity Clause of the Pennsylvania Constitution.

96. Plaintiff and the similarly situated property owners have suffered actual damages in the form of costs and fines imposed upon and collected by Defendant through its government powers.

97. Plaintiff and the similarly situated property owners continue to be subject to this unlawful law, and the common policy and practice of enforcing this law.

## PRAYER FOR RELIEF

98. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them from engaging in unlawful policies and practices which violate the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, the PA Constitution and PA law;

B. Order Defendant to make Plaintiff and the Class Members whole by paying damages equal to the disproportionate taxes paid by Plaintiff and the Class Members to construct, repair and maintain the public sidewalks owned by the Township on the Township's property, and other affirmative relief necessary including compensatory damages to eradicate the effects of these unlawful practices;

C. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and the Class Members; and

D. Grant such further relief as the Court deems necessary and proper.

Respectfully Submitted,

/s/ Stephen S. Photopoulos
Stephen S. Photopoulos, Esquire
steve@sphotolaw.com
LAW OFFICE OF STEPHEN S. PHOTOPOULOS
3000 McKnight East Drive, Suite 330
Pittsburgh, PA 15237
(412) 414-9889 phone
(412) 567-8065 fax


/s/ Joseph H. Chivers
Joseph H. Chivers, Esquire
jchivers@employmentrightsgroup.com
THE EMPLOYMENT RIGHTS GROUP LLC
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA  15222
(412) 227-0763 phone
(412) 774-1994 fax


*Counsel for Plaintiff and the Class Members*