**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA TANNER,** | : | |
| **279 Hardin Hollow Road** | : | |
| **Smithfield, PA 15478** | : | |
|       **Plaintiff,** | : | **Civil Action No.** |
| | : | |
|    **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **STUDENT TRANSPORTATION OF** | : | |
| **AMERICA, INC. d/b/a STA OF** | : | |
| **PENNSYLVANIA, INC.,** | : | |
| **924 McClellandtown Road** | : | |
| **McClellandtown, PA 15458** | : | |
| | : | |
| **3349 Highway 138, Building A, Suite C** | : | |
| **Wall, NJ 07719** | : | |
|       **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Amanda Tanner (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Student Transportation of America, Inc. d/b/a STA of Pennsylvania, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a provider of transportation to public and private

schools with a location at 924 McClellandtown Road, McClellandtown, PA 15458 and with a corporate headquarters located at 3349 Highway 138, Building A, Suite C, Wall, NJ 07719.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

11. The Complaint was assigned a Charge Number 530-2023-03030 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on request relative to the Charge and that Notice is dated December 14, 2023. Plaintiff received the Notice by electronic mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. Plaintiff suffers from Generalized Anxiety Disorder, a condition considered a disability under the ADA and the PHRA, as it affects the major life activities, including, but not limited to, concentrating, thinking and working.

18. On August 19, 2022, Defendant hired Plaintiff in the position of Bus Driver.

19. Plaintiff was well qualified for her position and performed well.

20. On August 28, 2022, Plaintiff had a miscarriage and received treatment from Dr. Brian Z. Dilcher.

21. Dr. Dilcher removed Plaintiff from work until August 31, 2022.

22. Plaintiff informed Hannah Sickles, Dispatcher, of her miscarriage and her placement on a medical leave of absence.

23. Ms. Sickles approved Plaintiff's medical leave of absence.

24. On September 2, 2022, Tammy Cole, Manager, instructed Plaintiff to drive a bus to Pittsburgh.

25. This was outside of Plaintiff's job duties, as she was just hired to drive locally.

26. Plaintiff informed Ms. Cole that she did not feel comfortable driving to Pittsburgh as it exacerbated symptoms of her Generalized Anxiety Disorder.

27. However, Ms. Cole stated that Plaintiff had to do it.

28. Plaintiff reiterated to Ms. Cole that she could not drive to Pittsburgh due to her disability and that she could not take her medication to treat it because it interfered with her ability to drive.

29. Ms. Cole laughed in response.

30. Plaintiff did not drive to Pittsburgh.

31. Ms. Cole proceeded to issue Plaintiff a verbal reprimand for not driving to Pittsburgh.

32. Plaintiff complained about the reprimand to Less Adams, Union Representative, but the reprimand remained.

33. On September 8, 2022, Plaintiff began to bleed severely due to her miscarriage.

34. Plaintiff was unable to work as a result of the bleeding.

35. Plaintiff informed Ms. Sickles of her bleeding and that she could not report to work as a result.

36. Later that day, Ms. Sickles terminated Plaintiff via text message.

37. It is Plaintiff's position that she was discriminated against due to her disability and retaliated against for requesting a reasonable accommodation in violation of the ADA and the PHRA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limit or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

40. Plaintiff was qualified to perform the job.

41. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

42. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

43. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

44. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

45. The purported reason for Defendant's decision is pretextual.

46. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

47. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

48. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

51. Plaintiff was qualified to perform the job.

52. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

53. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

54. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

6

55. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

56. The purported reason for Defendant's decision is pretextual.

57. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

58. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

59. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff engaged in activity protected by the ADA when she requested reasonable accommodations.

62. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not terminated to, termination.

63. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff engaged in activity protected by PHRA when she requested reasonable accommodations.

66. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not terminated to, termination.

67. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amanda Tanner, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 13, 2024        By:    */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*